UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| CAROL PRIDEMORE-TURNER, | ) |
| | ) |
| Plaintiff, | ) 3:20-CV-00318-DCLC-HBG |
| | ) |
| v. | ) |
| | ) |
| UNIVERSITY HEALTH SYSTEMS, INC. | ) |
| and JAMES MARTIN MCLOUGHLIN, | ) |
| M.D, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This is a healthcare liability action in which Plaintiff Carol Pridemore-Turner alleges that Defendant James Martin McLoughlin, a surgical oncologist at Defendant University Health System, Inc.'s hospital (UTMC) negligently caused the death of her spouse, Clarence Melvin Turner [Doc. 1]. Mr. Turner passed away during a planned pancreaticoduodenectomy (commonly known as a "Whipple" procedure), performed by Defendant McLoughlin on June 18, 2019 [*Id*. at ¶¶ 39, 54]. Currently before the Court are Plaintiff's five Motions in Limine [Docs. 51–55] and Defendants' four Joint Motions in Limine [Docs. 56–59]. The parties have each responded and these motions are now ripe for review.

**I. PLAINTIFF'S MOTIONS IN LIMINE**

  **A. Motion in Limine No. 1**

Plaintiff's first motion is an omnibus motion in which she seeks to exclude evidence of, or reference to the following: (a) personal beliefs or opinions of counsel; (b) statements or questions not supported by the evidence; (c) Plaintiff's *ad damnum*; (d) commentary about healthcare reform or the cost of healthcare generally; (e) commentary that "anybody can sue anybody"; (f) undisclosed expert opinions; (g) presence of non-party witnesses from voir dire and trial; (h)

1

improper use of medical literature; and (i) expert opinions not given to a reasonable degree of medical certainty [Doc. 51, pg. 1]. The Court will examine each of the foregoing in turn.

### a. Personal Beliefs or Opinions of Counsel

Plaintiff first requests the exclusion of "[a]ny statements by counsel regarding their personal beliefs or opinions about the case, the credibility of a witness, or the culpability of a litigant" [*Id*. at pg. 2]. While Defendants do not intend to offer the personal belief of opinions of counsel, they argue that Plaintiff's motion should be denied to the extent it seeks to preclude them from urging the jury to take reasonable inferences from the evidence [Doc. 67, pg. 1].

"[T]he personal opinion of counsel has no place at trial" and counsel may not "express a personal belief or opinion [as to] the truth or falsity of any testimony." *United States v. Collins*, 78 F.3d 1021, 1039–40 (6th Cir. 1996) (citations omitted). At the same time, "counsel must be given leeway to argue reasonable inferences from the evidence." *Id*. at 1040. "Where there is conflicting testimony, it may be reasonable to infer, and accordingly to argue, that one of the two sides is lying." *Id*. Thus, to the extent that Plaintiff seeks to prevent Defendants from arguing reasonable inferences from the evidence, the motion is **DENIED**. However, Plaintiff's motion is **GRANTED** as to the exclusion of any statements by counsel regarding their personal beliefs or opinions.

### b. Statements or Questions Not Supported by the Evidence

Next, Plaintiff requests that the Court exclude or prohibit any testimony or argument of counsel not supported by the facts or evidence [Doc. 51, pg. 2]. Defendants do not oppose this request [Doc. 67, pg. 2]. Accordingly, Plaintiff's motion is **GRANTED** as to the exclusion of testimony and/or arguments which are not supported by the facts or evidence.

### c. Reference to Plaintiff's *ad damnum*

Plaintiff also seeks to preclude the parties and their counsel from referencing the *ad damnum* clause in her complaint [Doc. 51, pgs. 2–3]. Defendants do not oppose this request [Doc.

67, pg. 2]. To be sure, this Court has previously held that under Tennessee law, "a plaintiff may argue the worth or monetary value of pain and suffering to the jury, but she may not disclose the specific sum sought in the complaint." *Guthrie v. Ball*, No. 1:11-CV-333, 2014 WL 11581408, at *1 (E.D. Tenn. Oct. 10, 2014) (citations omitted). Therefore, Plaintiff's motion is **GRANTED** as to the exclusion of any reference to the *ad damnum* clause in her complaint.

### d.   Healthcare Reform or the Cost of Healthcare Generally

Next, Plaintiff seeks to exclude "Golden Rule" arguments or comments pertaining to the effect that a verdict in this case might have on the overall cost of healthcare in Tennessee [Doc. 51, pgs. 3–4]. Specifically, Plaintiff asks the Court to prohibit Defendants and their counsel from making any argument or comments that addresses the costs of healthcare, generally, or suggesting that a verdict in Plaintiff's favor would contribute to the rising costs of healthcare [*Id*. at pg. 4]. Defendants do not oppose this request [Doc. 67, pg. 2]. Thus, Plaintiff's motion is **GRANTED** as to the exclusion of arguments and comments regarding healthcare reform or the cost of healthcare generally.

### e.   Commentary that "anybody can sue anybody"

Plaintiff anticipates that Defendants may argue that "anybody can sue anybody" and contends that such argument or comment is irrelevant, unfairly prejudicial, and plainly inaccurate in the context of healthcare liability actions in Tennessee [Doc. 51, pg. 4]. Defendants assert that they should be able to present the jury with the argument that the existence of a lawsuit for negligence does not necessarily mean the Defendant was negligent [Doc. 67, pg. 2]. Defendants' concerns as to a presumption of negligence are alleviated by the applicable law, which the jury will be instructed on. Specifically, the Tennessee Health Care Liability Act expressly provides that "there shall be no presumption of negligence on the part of the defendant[.]" Tenn. Code Ann. § 29-26-115(c).

3

Plaintiff's argument here is geared more toward excluding arguments or comments which suggest that her lawsuit is frivolous or unfounded, i.e., that "anybody can sue anybody" [Doc. 51, pg. 4]. Such comments would be, as Plaintiff argues, plainly inaccurate in light of Plaintiff's compliance with the certificate of good faith requirement under Tenn. Code Ann. § 29-26-122 [Doc. 1-2] and the fact that Plaintiff's claims survived summary judgment [Doc. 63]. Therefore, to the extent Plaintiff seeks to exclude any comments or arguments by Defendants suggesting frivolousness of the claims at issue, Plaintiff's motion is **GRANTED**.

### f. Evidence or Testimony Concerning Undisclosed Expert Opinions

Plaintiff seeks to exclude undisclosed standard of care, causation, or other opinion testimony that has not been previously disclosed and attributed to a particular Rule 26 expert witness [Doc. 51, pg. 5]. Defendants do not oppose this request [Doc. 67, pg. 2]. Therefore, Plaintiff's motion is **GRANTED** as to the exclusion of any evidence or testimony concerning undisclosed expert opinions.

### g. Exclusion of Non-Party Witnesses from Voir Dire and Trial

Plaintiff also requests that the Court invoke Federal Rule of Evidence 615 (commonly referred to as "the rule") during voir dire and the trial of this matter [Doc. 51, pg. 5]. Rule 615 provides that "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed.R.Evid. 615. Defendants oppose the request only to the extent that Plaintiff seeks to exclude Defendants' expert witnesses [Doc. 67, pg. 3]. To that end, the rule exempts from exclusion "a person whose presence a party shows to be essential to presenting the party's claim or defense[.]" Fed.R.Evid. 615(c). "A classic example of that exception is 'an expert witness who does not testify to the facts of the case but rather gives his opinion based upon the testimony of others.'" *United States v. Reynolds*, 534 F. App'x 347, 365 (6th Cir. 2013) (quoting *Morvant v. Construction Aggregates Corp.*, 570 F.2d 626, 629 (6th Cir.

4

1978)). Plaintiff recognizes this exemption and does not seek a blanket sequestration of all witnesses. Rather, Plaintiff requests that Defendants designate the expert witnesses they seek to exempt from the rule prior to the witnesses' presence in the courtroom to allow the Court to assess the validity of such designation. Therefore, Plaintiff's motion is **GRANTED**.[1]

### h. Improper Use of Medical Literature

Finally, Plaintiff seeks to preclude the improper use of medical literature. Plaintiff asserts that medical literature is inadmissible hearsay unless an exception applies and that the applicable exception, Fed.R.Evid. 803(18), only allows such literature to be read into evidence and requires a showing that it is reliable and authoritative [Doc. 51, pg. 6].[2] In response, Defendants argue that any medical literature offered to impeach Plaintiff's experts is not hearsay because it would be not be offered for the truth of the matter asserted [Doc. 67, pg. 3]. At this time, the Court is not inclined to prematurely determine whether any unidentified medical literature would be admissible or in what context it would be admissible. Therefore, Plaintiff's motion is **DENIED** without prejudice. Plaintiff may object to the admissibility of such evidence at trial, if necessary.

### i. Expert Opinion Not Given to a Reasonable Degree of Medical Certainty

Finally, Plaintiff seeks to exclude expert opinions that are not expressed to a reasonable degree of medical certainty with a probability of "more likely than not" [Doc. 51, pg. 6]. The Sixth Circuit has recognized that "the majority of courts require that an expert opinion express a

---

[1] The parties shall request the Rule on the date of trial to permit the Court to properly instruct the witnesses regarding the limitations imposed by invocation of the Rule.

[2] Rule 803(18) provides that "[a] statement contained in a treatise, periodical, or pamphlet" is not excluded by the rule against hearsay if "the statement is called to the attention of an expert witness on cross-examination or relied on by the expert on direct examination" and "the publication is established as a reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice." Fed.R.Evid. 803(18). The rule further provides that "[i]f admitted, the statement may be read into evidence but not received as an exhibit." *Id*.

5

probability, which is more than a mere possibility." *Johnson v. Memphis Light Gas & Water Div.*, 695 F. App'x 131, 137 (6th Cir. 2017) (holding that an expert "need only testify that his conclusion is more likely than not true.") (citations omitted). Defendants do not oppose the exclusion so long as it applies equally to experts called by all parties [Doc. 67, pg. 3]. Therefore, Plaintiff's motion is **GRANTED** and any expert testimony that does not meet the above standard shall be excluded.

        **B.**        **Motion in Limine No. 2**

In her second motion in limine, Plaintiff seeks to exclude any "evidence and/or argument of a 'possible' embolus during the surgery in question, or of an embolus being a 'possible' cause of Mr. Turner's death." [Doc. 52, pg. 5]. Plaintiff asserts that any expert testimony as to such a "'possible' causation theory" would not meet the requisite standard to rise to a reasonable degree of medical certainty [*Id*.]. As stated above with respect to section (i) of Plaintiff's omnibus motion, Defendants have agreed to the exclusion of any expert opinions which are not given to a reasonable degree of medical certainty. Plaintiff recognizes that a ruling in favor of section (i) of her omnibus motion should result in the exclusion of the evidence she seeks to exclude through the instant motion [Doc. 52, pg. 1]. Therefore, Plaintiff's Motion in Limine No. 2 [Doc. 52] is **DENIED** as moot.

        **C.**        **Motions in Limine No. 3 and No. 4**

In her third and fourth motions, Plaintiff asks the Court to preclude any evidence, testimony, argument, or inference of comparative fault or contributory negligence [Doc. 53, pg. 1; Doc. 54, pg. 1]. Defendants do not oppose Plaintiff's motions because they do not assert that the comparative negligence of any non-party caused or contributed to Mr. Turner's death nor do they intend to introduce evidence that Plaintiff or Mr. Turner were contributorily negligent [Doc. 69, pg. 1; Doc. 70, pg. 1]. Accordingly, Plaintiff's Motion in Limine No. 3 [Doc. 53] and Motion in Limine No. 4 [Doc. 54] are **GRANTED**.

### D. Motion in Limine No. 5

In her fifth and final motion, Plaintiff seeks to exclude evidence, testimony, argument, or reference to the number or content of cases an expert has reviewed, but not testified in, on behalf of the parties or the law firms representing them [Doc. 55, pg. 1]. In support, Plaintiff asserts that the Federal Rules of Civil Procedure require the disclosure of cases in which an expert witness has *testified* in the past four years, rather than cases which the expert has *reviewed* [*Id*.]. Plaintiff further argues that the number of cases reviewed by a particular expert for the parties or law firms of record is not relevant, unduly prejudicial, and would raise attorney–client privilege, work-product, consulting expert privilege, HIPPA, and other privacy or confidentiality concerns [*Id*. at pg. 2]. Defendants oppose Plaintiff's motion and assert that Plaintiff is seeking to exclude evidence that her expert witness, Dr. Christein, has been a paid expert for her legal counsel on prior occasions [Doc. 71, pg. 1]. Defendants argue that Plaintiff's motion lacks basis in law because the evidence was not objected to at Dr. Christein's deposition, and it is relevant in establishing bias. [*Id*.].

As an initial matter, Plaintiff's failure to object to the relevance of this evidence during Dr. Christein's deposition does not result in a waiver of such objection. "An objection…to the competence, relevance, or materiality of testimony…is not waived by a failure to make the objection before or during the deposition, unless the ground for it might have been corrected at that time." Fed.R.Civ.P. 32(d)(3)(A). Here, the basis of Plaintiff's objection—relevance—could not have been corrected at the time of the deposition.

Nonetheless, the Court finds that such evidence is relevant. "[A] witness may be impeached by showing that he or she is biased, has an interest in the outcome of the litigation, is prejudiced in some relevant way, or has a motive to testify in a particular way." *Behler v. Hanlon*, 199 F.R.D. 553, 556–57 (D. Md. 2001) (citing *United States v. Abel*, 469 U.S. 45, 49–52 (1984)).

7

Testimony relating to an expert witness's history of consulting for a party to the action or counsel of record is relevant to show potential bias. Plaintiff also failed to explain or provide any legal basis as to how this testimony raises privacy or confidentiality concerns. Therefore, Plaintiff's Motion in Limine No. 5 [Doc. 55] is **DENIED**.

## II.     DEFENDANTS' JOINT MOTIONS IN LIMINE

### A.     Joint Motion in Limine No. 1

Defendants' first motion is an omnibus motion in which they seek to exclude the following: (a) reference to Plaintiff's *ad damnum*; (b) "Golden Rule" arguments; (c) references to liability insurance; (d) introduction of medical expenses; (e) statements by counsel of personal opinion; (f) references to other lawsuits against Defendants or their experts; and (g) expert testimony or references to expert testimony by non-physicians or undisclosed physicians [Doc. 56, pg. 1]. Each of the foregoing subsections are examined in turn.

#### a.     Reference to Plaintiff's *ad damnum*

Defendants seek to prohibit any mention of the amount sought in Plaintiff's *ad damnum* clause at trial [Doc. 56, pg. 2]. Plaintiff does not oppose this request to the extent the prohibition applies equally to all parties and does not preclude Plaintiff from arguing "the worth or monetary value of any non-economic damages to the jury." [Doc. 72, pg. 2]. The Court granted Plaintiff's identical request, as stated above in reference to section (c) of Plaintiff's omnibus motion. Therefore, to the extent Defendants' motion seeks to exclude reference to Plaintiff's *ad damnum* clause, the motion is **GRANTED**.

#### b.     "Golden Rule" Arguments

Next, Defendants move to exclude any "Golden Rule" arguments by Plaintiff which ask the jury to "imagine themselves" to be Mr. Turner or his family member or to "put themselves in Plaintiff's shoes." [Doc. 56, pg. 2]. Plaintiff does not oppose this request, so long as the exclusion

8

applies equally to all parties [Doc. 72, pg. 2]. Therefore, this portion of Defendant's motion is **GRANTED**. The parties shall be prohibited from using "Golden Rule" arguments, i.e., "arguments that jurors put themselves in the shoes of a party and 'do unto them as they would have done unto them under similar circumstances,' at trial." *Wiley v. Wal-Mart Stores, Inc.*, No. 2:16-CV-0290, 2018 WL 8731551, at *2 (E.D. Tenn. Feb. 21, 2018).

### c. References to Liability Insurance

Defendants also seek exclusion of any reference to Defendants' insurance coverage or the professional liability insurance coverage of any of Defendants' expert witnesses [Doc. 56, pgs. 2–4]. Plaintiff does not oppose this request [Doc. 72, pg. 2]. Thus, Defendants' motion is **GRANTED** as to the exclusion of any reference to the liability insurance of Defendants or their expert witnesses.

### d. Introduction of Medical Expenses

Next, Defendants seek to prohibit Plaintiff from arguing or presenting any proof regarding the lack of medical expenses, including but not limited to the fact that Defendants did not bill Plaintiff for the Whipple procedure at issue [Doc. 56, pgs. 4–5]. Considering that Plaintiff is not claiming medical bills as an item of damage in this case, Defendants anticipate the Plaintiff will attempt to use the fact that Defendant McLoughlin did not bill for his services to imply an admission of negligence [*Id*. at pg. 5]. Defendants' actions of not billing Plaintiff for the procedure is analogous to paying for Plaintiff's medical expenses. Such evidence is not admissible to prove liability. *See* Fed.R.Evid. 409 ("Evidence of furnishing, promising to pay, or offering to pay medical, hospital, or similar expenses resulting from an injury is not admissible to prove liability for the injury.").

Nonetheless, Plaintiff contends that "Defendant McLoughlin's actions indicate a recognition of the loss suffered by family members of the decedent following the unexpected loss

of their loved one during a medical procedure—testimony relevant to consortium damages" [Doc. 72, pg. 3]. Plaintiff cites no legal authority to support this assertion and the Court finds that Defendant McLoughlin's mere recognition of the family members' hardships is not relevant to prove the reasonable value of the loss of consortium suffered by Mr. Turner's family members.

Even if Defendants' actions in not billing Plaintiff for the procedure was relevant, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. *See* Fed.R.Evid. 403. Plaintiff argues that jurors expect to hear about medical expenses in a medical malpractice action and if she is not able to explain the absence of medical expenses, the jurors may make inappropriate assumptions or conclusions [Doc. 72, pg. 3]. However, it is more likely that inappropriate assumptions or conclusions would arise as to the culpability of Defendants if Plaintiff were to disclose the fact that they did not bill her for the procedure.

Based on the foregoing, Defendants' motion is **GRANTED**, and the parties are prohibited from arguing or presenting any proof regarding the fact that Defendants did not bill Plaintiff for the procedure.

### e. Statements by Counsel of Personal Opinion

Like Plaintiff, Defendants also seek to prohibit any comments by counsel detailing their personal opinions as to the justness of the case, the credibility of any witness, and the culpability of Defendants [Doc. 56, pg. 5]. For the reasons stated above with respect to Plaintiff's similar request in her omnibus motion, this portion of Defendants' motion is also **GRANTED**.

### f. References to Other Lawsuits Against Defendants or Their Experts

Citing Rules 401, 402, 403, and 404 of the Federal Rules of Evidence, Defendants seek to exclude references to, or inquiries about, any other lawsuits which may have been noticed or filed against Defendants or experts they have retained in this case [Doc. 56, pg. 6]. Specifically,

Defendants contend that any line of questioning as to such lawsuits is immaterial, irrelevant, and its prejudicial effect substantially outweighs its probative value and, alternatively, constitutes impermissible character evidence [*Id.*]. Plaintiffs do not oppose this request, provided that examination on the subject of other lawsuits involving Plaintiff's experts, if any, should also be prohibited. Based on the foregoing, Defendants' motion is **GRANTED**, and the parties shall be prohibited from referencing or inquiring about any other lawsuits which may have been noticed or filed against the parties or their experts.

### g. Expert Testimony or References to Expert Testimony by Non-Physicians or Undisclosed Physicians

Finally, Defendants move to prohibit any reference to or testimony regarding the standard of care or causation by any non-physician, including Plaintiff and any lay witness, or any physician whose opinions were not disclosed pursuant to Rule 26 of the Federal Rules of Civil Procedure [Doc. 56, pg. 6]. Plaintiff argues that Defendants have identified no specific testimony by non-physicians or undisclosed physicians to warrant an *in limine* ruling on this issue and that Defendants' attempt to exclude "any reference to or testimony regarding" either standard of care or causation is both vague and broad [Doc. 72, pg. 4].

Despite Plaintiff's opposition to Defendants' requested exclusion, she also moved to exclude undisclosed standard of care, causation, or other opinion testimony that has not been previously disclosed and attributed to a particular Rule 26 expert witness. As stated above, the Court granted that portion of Plaintiff's omnibus motion. Therefore, Defendants' motion is also **GRANTED** as to the exclusion of undisclosed standard of care or causation testimony.

### B. Joint Motion in Limine No. 2

In their second joint motion, Defendants seek to exclude testimony relating to any alleged failure by Defendant McLoughlin to explain the appropriate risks associated with the Whipple

procedure or any alleged failure to obtain informed consent [Doc. 57, pg. 1]. Defendants argue that such testimony is irrelevant, would be unduly prejudicial, and Plaintiff has no expert proof to establish a claim for lack of informed consent [*Id*. at pgs. 2–4]. Plaintiff concedes that Mr. Turner consented to the Whipple procedure and the adequacy of that consent is not in dispute [Doc. 66, pg. 1]. Plaintiff also agrees that evidence of whether Mr. Turner did or did not know of the risks of the procedure is irrelevant and prejudicial, whether it is offered by Plaintiff or Defendants [*Id*. at pg. 2]. Accordingly, Defendants' motion is **GRANTED** and neither Plaintiff nor Defendants shall present any evidence as to whether Mr. Turner knew or did not know of the risks of the Whipple procedure.

      C.      **Joint Motion in Limine No. 3**

In their third motion, Defendants seek to preclude Plaintiff from presenting any testimony, evidence, or argument regarding the activities of the UTMC quality improvement committee ("QIC"), namely the morbidity/mortality conference at which Defendant McLoughlin discussed Mr. Turner's case [Doc. 58, pgs. 1–2]. Plaintiff asserts that she will not offer or solicit testimony, evidence, or argument regarding the morbidity/mortality conference and Defendants' motion should be denied as moot.

Tenn. Code Ann. § 63-1-150(d)(1) provides, "[r]ecords of a QIC and testimony or statements…relating to activities of the QIC shall be confidential and privileged and shall be protected from direct or indirect means of discovery, subpoena, or admission into evidence in any judicial or administrative proceeding." Despite Plaintiff's assertion that she will not offer evidence of the conference or activities of the QIC, the Court finds it appropriate, and in compliance with § 63-1-150(d)(1), to protect such records, testimony, or statements from direct or indirect disclosure. Thus, Defendant's motion is **GRANTED**. The parties shall not present any testimony, evidence, or argument regarding the activities of the QIC, specifically the morbidity/mortality conference.

12

### D. Joint Motion in Limine No. 4

In their final motion, Defendants seek to exclude evidence of (1) "any alleged loss of enjoyment of life/hedonic damages of [Mr. Turner]" and (2) "any alleged sorrow and/or anguish of any individuals as a result of Mr. Turner's death" [Doc. 59, pg. 1]. Defendants assert that evidence of Mr. Turner's loss of enjoyment of life or evidence of sorrow and anguish suffered by Mr. Turner's family members is irrelevant because such damages are not recoverable in an action for wrongful death [*Id*. at pg. 2]. Plaintiff argues the evidence Defendants seek to exclude may be relevant for the jury to consider in determining the pecuniary value of Mr. Turner's life, including the reasonable value for loss of consortium [Doc. 73, pg. 3].

"Under Tennessee law, an action for wrongful death is statutory in nature, and recoverable damages must be determined by reference to the statute involved." *Thurmon v. Sellers*, 62 S.W.3d 145, 159 (Tenn. Ct. App. 2001). Tenn. Code Ann. § 20-5-113 provides:

> Where a person's death is caused by the wrongful act, fault, or omission of another and suit is brought for damages …the party suing shall, if entitled to damages, have the right to recover for [(1)] the mental and physical suffering, loss of time and necessary expenses resulting to the deceased from the personal injuries, and also [(2)] the damages resulting to the parties for whose use and benefit the right of action survives from the death consequent upon the injuries received.

The Supreme Court of Tennessee has held that damages under this statute can be delineated into the following two distinct classifications: (1) damages for "injuries sustained by the deceased from the time of injury to the time of death"; and (2) "incidental damages suffered by the decedent's next of kin." *Jordan v. Baptist Three Rivers Hosp.*, 984 S.W.2d 593, 600 (Tenn. 1999).

"Damages under the first classification include medical expenses, physical and mental pain and suffering, funeral expenses, lost wages, and loss of earning capacity." *Id*. However, "[h]edonic damages, i.e., damages for an alleged loss of enjoyment of life, are not recoverable under Tennessee's wrongful death statute." *Gaasch v. Stoev*, No. 09-2270, 2009 WL 10699749, at *1 n.1

13

Case 3:20-cv-00318-DCLC-HBG Document 76 Filed 12/08/21 Page 13 of 15 PageID #: 844

(W.D. Tenn. Oct. 30, 2009) (citing *Spencer v. A-1 Crane Serv., Inc.*, 880 S.W.2d 938, 943–44 (Tenn. 1994)); *see also Jordan*, 984 S.W.2d at 596 n.2. Based on the applicable law, any alleged loss of enjoyment of life or hedonic damages suffered by Mr. Turner are not recoverable.

The second classification of damages—incidental damages—includes "the pecuniary value of the decedent's life." *Jordan*, 984 S.W.2d at 600. Prior to 1999, the pecuniary value was determined based on the decedent's "expectancy of life, the age, condition of health and strength, capacity for labor and for earning money through skill, any art, trade, profession, occupation or business, and personal habits as to sobriety and industry." *Spencer*, 880 S.W.2d at 943. In 1999, the Supreme Court of Tennessee "refine[d] the term 'pecuniary value'" to include damages for loss of consortium. *Jordan*, 984 S.W.2d at 601. Damages for loss of consortium include "tangible services provided by a family member" and "intangible benefits each family member receives from the continued existence of other family members." *Id*. at 602. Intangible benefits are those such as "attention, guidance, care, protection, training, companionship, cooperation, affection, love, and in the case of a spouse, sexual relations." *Id*. However, the "recovery of such losses are restricted to pecuniary losses, that is the actual monetary value of the life of the [decedent]." *Thurmon*, 62 S.W.3d at 161. Therefore, under a claim for wrongful death, Mr. Turner's family "cannot recover for the sorrow and anguish endured as a result of [Mr. Turner's] death." *Id*.

Based on the foregoing, damages for Mr. Turner's loss of enjoyment of life and for the sorrow and/or anguish suffered as a result of his death are not recoverable. It necessarily follows that any evidence of such damages is irrelevant. Accordingly, Defendants' motion is **GRANTED**. The following evidence shall be excluded: (1) any loss of enjoyment of life/hedonic damages of Mr. Turner and (2) any damages for the sorrow and/or anguish of his family as a result of his death.

## III. CONCLUSION

As further detailed above, Plaintiff's Motion in Limine No. 1 [Doc. 51] is **GRANTED IN PART AND DENIED IN PART**; Plaintiff's Motion in Limine No. 2 [Doc. 52] is **DENIED**; Plaintiff's Motions in Limine No. 3 and No. 4 [Docs. 53, 54] are **GRANTED**; and Plaintiff's Motion in Limine No. 5 [Doc. 55] is **DENIED**. Defendants' Joint Motions in Limine [Docs. 56–59] are **GRANTED**.

SO ORDERED:

s/ Clifton L. Corker
United States District Judge